FILED
SUPERIOR COURT
OF GUAM

2012 JUN 13 PM 2: 46

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

EDDIE YOKENO, aka MATAO YOKENO, )     CIVIL CASE NO. CV1163-09
as Trustee and Secretary-Treasurer of Able )
Industries of the Pacific; and ABLE )
INDUSTRIES OF THE PACIFIC, )     **DECISION AND ORDER**
                                )     **ON DEFENDANTS' MOTION TO**
         Plaintiffs,          )     **RELEASE FUNDS HELD IN THE**
                                )     **COURT REGISTRY ACCOUNT**
        vs.                 )
                                )
ELMORE COTTON, JOAQUIN LEON )
GUERRERO, JENNIFER DUFFIE, )
PATRICIA MAE COTTON, and )
FRANCISCO FLORIG, )
                                )
         Defendants.        )
                                )

This matter came before the HONORABLE VERNON P. PEREZ on January 13, 2011. Defendant Joaquin Leon Guerrero was present *Pro Se*. Attorney Joseph C. Razzano represented Plaintiff who was present. The Court took Defendant Cotton's oral motion under advisement. After having heard the Parties' arguments and considering the record, the Court now issues the following Decision and Order.

### BACKGROUND

The Court currently has Defendants' Motion to Dismiss, Defendants' Motion to Release Funds Held in the Court Registry Account (hereinafter "Motion to Release") and FHB's Motion to Intervene under advisement. This Decision and Order will only address the Defendants' Motion to Release. This is the second request for the release of Court funds and the first request was resolved by this Court's November 17, 2011 Decision and Order. Any remaining motions shall be addressed by the Court subsequent to this Decision and Order.

### DISCUSSION

Defendants have requested the release of Court held funds previously and the Court has granted that request with the assurance that Defendants should not have to make additional requests in the future. Now, Defendant returns to this Court without attorney or under any

*Yokeno v. Cotton, et al.,*
Decision and Order
Civil Case No. CV1163-09         Page 1 of 4

formal request through motion filing and again asks for this Court to release all remaining funds held in the Court registry. Plaintiff has made strong arguments in his objection on the record against the Defendants' request and he cites violations of motion practice rules put forth in the Guam Rules of Civil Procedure such as lack of notice, no formal written request and no evidence presented to support the motion.[1] Yet, the Court has heard statements made by Defendant Cotton under the penalty of perjury[2] that Able Industries will continue to function with the release of these funds. The Court sees genuine hardship occurring to the non-profit business in paying employees and that by the final release of all funds in the Court Registry Account, Able will sustain viability.

As to evidence concerns put forth by Plaintiff, the Court heard statements by Counsel for FHB that verified the claims by Defendant Leon Guerrero that FHB froze Ables' bank accounts and that those accounts would be released upon full payment to FHB. Defendant simply asks that this Court release the funds to FHB that is rightfully owed to FHB so that their accounts can be unfrozen and normal business operations continue such as payment of employees. Defendant also asks that the remaining Court funds be released to ASC Trust so that Able can avoid falling out of compliance with the Department of Defense and its related contracts. The Court understands Plaintiff's concerns and arguments as to the lack of notice and failure to make a formal motion, yet, the Court desires to avoid payless paydays for Able's employees. The money released by this Court in this Decision and Order will only go to FHB and ASC Trust for the sole purpose of allowing Able to save its federal contracts by staying in compliance and to pay its employees.

As to notice, we have heard arguments on identical issue only a short time ago, and based on the same rational in the previous decision, this Court will grant Defendant's request. The Court would like to incorporate by reference the entire rational of the November 17, 2011 Decision and Order into this decision. The previous Motion to Release was originally for the

---

[1] Plaintiff has voiced his objection to this ruling and this Court finds that upon this filing, Plaintiff retains his right to appeals as this order is deemed an appealable judgment under Rule 54 of the GRCP.
[2] If any of the statements made by Defendant Cotton are revealed as an intentional deceit on this Court, the remedy is contempt.

total release of all funds, yet, this Court considered Plaintiff's arguments and withheld about $534,000 to remain in the account due to concerns over mismanagement. Due to desire of leniency for *Pro* Se parties in many jurisdictions including Guam, this Court will treat the new Motion to Release as a continued motion for the total release of Court held funds which this Court previously denied in part. Although the concerns over mismanagement are still present, the Court believes that the need for these funds is sincere and that the effect of not releasing the funds could be disastrous to both Able and to Plaintiff's interest in any successful outcome of this matter at trial. It is in the best interest of both Parties that Able continue to be sustainable and its employees remain paid.

/ /

/ /

/ /

/ /

/ /

/ /

# CONCLUSION

Defendants' Motion to Release is GRANTED. The Court understands that approximately $534,000.00 is in the Court Registry Account. $299,000 will be released to First Hawaiian Bank. The remaining funds in the Court Registry Account will be released to ASC Trust. After this, there should be a zero balance in the Court Registry Account relating to CV1163-09. The Court additionally orders that the released funds be tracked with an accounting that will be reported back to this Court after funds are dispersed such that payroll is met. A document tracking the payment of payroll with the funds will be prepared by the Defendants as they requested the release of the funds. The Court orders that the first check, in the amount of $299,000.00, be made before Friday January 13, 2012 5:00p.m. to First Hawaiian Bank. The Court additionally orders that, by Friday January 13, 2012, the second check in the amount of the remaining funds held by this Court relating to CV1163-09 be made out to:

> ASC Trust Corporation
> 120 Father Duenas Avenue
> Suite 110
> Agana, GU 96910

The "Memo Line" of the second check should also include "Able Industries Employee Savings Plan # 001". A status hearing for this case will be held on January 25, 2012 at 3:00p.m..

**JAN 1 3 2012**

So ORDERED this ___ day of January, 2012.

Original Signed By:
HON. VERNON P. PEREZ

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam
JAN 1 3 2012
_____ 20___
Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

---

*Yokeno v. Cotton, et al.,*
Decision and Order
Civil Case No. CV1163-09          Page 4 of 4